HARDY, Judge.
Plaintiff, as beneficiary under an industrial insurance policy, brought this suit for recovery of the face amount thereof in the sum of $204, together with a like sum as penalty, and an additional amount of $150 as attorney’s fees. After trial on the merits there was judgment in favor of plaintiff in the sum of $50.04,- from -which judgment the plaintiff has appealed.
With one exception the facts involved are undisputed. The policy was issued on February 15, 1943, providing for a death benefit in the, sum of $204 in consideration of the payment of weekly premiums of thirty cents. These premiums were not customarily paid each week but were always paid in advance for varying periods of time running from a few weeks up to six months. The last premium paid maintained the policy in effect up to date of November 10, 1952, after which the policy became in default by reason of non-pay'ment of premiums. The insured, Jeff Nichols, a Negro farm laborer who resided with his wife, the beneficiary under the policy and plaintiff herein, on the T. D. Connell Plantation in Caddo Parish. The insured, who had been suffering from intermittent- attacks of illness and pain over a period of months, was admitted to the Confederate Memorial Hospital in Shreveport on February 26, 1953, where the disease was finally diagnosed as a malignant tumor of the liver. He remained in the hospital until his death on March 20, 1953. On March 19, 1953, Mr. Ashton Coker, an employee of the Connell Plantation, visited the office of defendant in Shreveport and made application for reinstatement of Jeff Nichols’ policy of insurance. The application form discloses that the policy lapsed November 10,' 1952, and that a deposit of $7.20 was tendered in payment of premiums in arrears. It also appears from the application that it was intended to be executed by the insured in person, and, further, that it contained the declaration that the said named insured was in good health. It appears from the' testimony of the witness, Coker, that'-he was simply carrying otit a mission with which he had been charged by his employer; that he had no knowledge whatsoever as to Jeff Nichols’ condition of health, and that he signed Jeff Nichols' name and witnessed the same on the reinstatement application form. It was further established that the application for reinstatement was made, at a time less than twenty-four hours preceding the death of Jeff Nichols. The application for reinstatement was never accepted and, indeed, had not' even been forwarded to the Home Office of the defendant company, which received information of Jeff Nichols’ death the day following the application for reinstatement.
Defendant, contending that the policy had lapsed and that the alleged reinstatement was ineffective, made tender of the sum of *606 $42.84 representing the reserve value of the lapsed policy, and, further, tender of the sum of $7.20 which had been paid in connection with the reinstatement application, which tenders were refused.
The policy contained the following provisions :
“After premiums have been paid for five (5) full years the Insured shall be entitled to Paid-Up, Extended Insurance of the Cash or Loan Value of this Policy, from which values any existing indebtedness to the Company shall be deducted and all of which values shall be computed in accordance with Act 148 of 1936 [LSA-R.S. 22:151 et seq.].
“Within eight weeks after the due date of the first defaulted premium on this Policy, after premiums have been paid for five (5) full years, application must be made in writing by the assured, on blank furnished by the Company for that purpose, for any one of the following three options : 1st.- — -For Paid-Up Insurance for a reduced amount, payable at the time and under the same conditions, except as to the payment of the premiums, as the original Policy. 2nd. — For the continuance, of the Insurance in force at its full amount for a limited period of time, which term of temporary insurance shall include period of grace. 3rd. — For the Gash or Loan Value of the Policy.
“If no option herein provided for shall be availed of by the assured within eight (8) weeks after default of premiums the reserves herein, less a legal surrender charge, without any further action on part of the assured, shall be automatically applied to purchase Paid-Up Insurance in accordance with Option No. 1.”
The only issue which is presented for our consideration, and which is urged by counsel for appellant, is based upon the contention that there was no lapse of the policy inasmuch as written notice had not been given in accordance with the provisions of law. In our opinion this contention is without merit and is unsustained by the record. To the contrary we think it has been established that notice was given in the ordinary course of defendant’s business.
It is quite true that defendant’s witnesses did not testify that they had any independent recollection of mailing out a specific written notice to the insured, Jeff Nichols, subsequent to the default in premium payments. However, the witnesses did testify that notices of arrears in premium payments were mailed to all policy holders as a matter of customary. and usual policy in the conduct of the business, and there is nothing to indicate that such was not done in the instant case. We further think it significant that .the plaintiff herself, as beneficiary, became concerned about the payment of premiums at a time almost immediately preceding the death of the insured. It was at her request that the attempt was made to bring the policy up to date by a payment of premiums.
The judgment in favor of plaintiff was made up of the sum of $42.84, representing the value of paid-up insurance un,der the provisions of the policy, together with the amount of $7.20 which had been paid in connection with the application for reinstatement. No objection has been made to the correctness of these amounts, and it is evident under the provisions of the policy above recited that the measure of liability of defendant is limited to the value of the paid-up insurance. The judgment taxed plaintiff with all costs incurred after October 21, 1953, the date of the final tender made by defendant. Under the facts stipulated by counsel with respect to the tenders there can be no question as to the correctness of this action.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.